CHRISTOPHER C. LARKIN (SBN: 119950)
JOAN KUPERSMITH LARKIN (SBN: 92773)
JILL A. JACOBS (SBN: 178943)
SEYFARTH SHAW LLP
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
Facsimile:   (310) 201-5219
E-mail:  clarkin@seyfarth.com
         jlarkin@seyfarth.com
         jjacobs@seyfarth.com

Attorneys for Plaintiffs and Counterdefendants
JASON TROSPER AND COWBOY MILITIA, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON TROSPER and COWBOY MILITIA, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>METAL MULISHA, LLC,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No. CV10-00825 SJO (Ex)<br>Case No. CV10-01444 SJO (Ex)<br>Consolidated<br><br>[PROPOSED] PROTECTIVE ORDER |

Counsel of record for Jason Trosper and Cowboy Militia, LLC, plaintiffs and counterdefendants in Case No. CV10-00825 and defendants in Case No. CV10-01444, and Metal Mulisha, LLC, defendant and counterclaimant in Case No. CV10-00825 and plaintiff in Case No. CV10-01444, and MM Compound, Inc., plaintiff in Case No. CV10-01444, having stipulated in writing to the entry of this Protective Order, and there being good cause therefor pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

IT IS HEREBY ORDERED, that if in the course of these proceedings either party or any third-party witness has occasion to disclose information designated by such party as "Confidential Information" (as defined below), the following

procedures shall be employed and the following restrictions shall govern:

1. For purposes of these consolidated proceedings, "Confidential Information" means: (a) sales and advertising figures; (b) information regarding sources of manufacture; (c) information regarding manufacturing and marketing techniques and strategies; and (d) any other information that any party providing discovery, including any third party (each a "Producing Party" and collectively "Producing Parties"), reasonably believes, in good faith, to contain or constitute trade secrets, or other information that is confidential or proprietary to that party.

2. "Confidential Information" does not include any information:

(a) That at or prior to its production by the Producing Party or Parties is known to or is independently developed by the party receiving the production (each a "Receiving Party" and collectively "Receiving Parties");

(b) That after the disclosure to the Receiving Parties by the Producing Party or Parties is revealed to the public by a person having the unrestricted right to do so; or

(c) That is acquired by the Receiving Parties from any third party which lawfully possesses the information and owes no duty of non-disclosure to the Producing Party or Parties.

3. Any documents and things, answers to interrogatories, answers to deposition questions, responses to requests for admission, or any other materials or portions thereof containing Confidential Information and produced in discovery in these proceedings by the Producing Party or Parties may be designated and marked by the Producing Party or Parties as either "CONFIDENTIAL-Attorneys' Eyes Only" or "CONFIDENTIAL" in the manner set forth below. Any material that is so marked, together with any copies, abstracts, summaries, or information derived therefrom, and any notes or other records regarding the contents thereof, shall be referred to in this Protective Order and in these consolidated proceedings as "Confidential Material."

4. Public policy and the efficiency of judicial administration, as expressed in part in Local Rule 79-5, make it desirable to avoid filing documents under seal where possible. The obligation of counsel to keep their respective clients apprised of the progress of this action may conflict with the designation of information as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" by the Producing Party or Parties. Accordingly, the parties' counsel shall cooperate in good faith to permit, to the maximum extent possible, the public filing of documents, and the disclosure of information to their clients, by, for example: (a) agreeing, where appropriate, to redact Confidential Material from copies of documents for disclosure to the parties or filing with the Court; (b) on request of the Receiving Parties, providing information relevant to a claim of confidentiality by the Producing Party or Parties; (c) responding promptly and in good faith to proposals from the Receiving Parties to change the status of a designation of information, or to permit some form of disclosure to the Court and to the parties that will provide adequate protection to the Producing Party or Parties, but will serve the joint interest of advancing disposition of the case on the merits; and (d) promptly notifying opposing counsel when the Producing Party's or Parties' Confidential Material is no longer confidential, or deemed to be "Confidential Material" by the Producing Party or Parties.

5. All tangible items or subject matter deemed by the Producing Party or Parties to be subject to this Protective Order shall be visibly marked as "CONFIDENTIAL-Attorneys' Eyes Only" or "CONFIDENTIAL" at the time of production or disclosure to be subject to this Protective Order. The designation of a multi-page document as "CONFIDENTIAL-Attorneys' Eyes Only" or "CONFIDENTIAL" on the first page only shall be sufficient to make the entire document subject to that designation. If such is not the intent of the Producing Party or Parties, only those pages deemed in good faith to be subject to each such designation shall be so marked. With respect to deposition testimony, the parties

1  agree that blanket designations of an entire deposition transcript as
2  "CONFIDENTIAL" or "CONFIDENTIAL-Attorneys Eyes Only" should be
3  avoided where possible, although counsel may agree, for the sake of convenience,
4  to temporary treatment of a transcript as "CONFIDENTIAL" or
5  "CONFIDENTIAL-Attorneys Eyes Only," pending specific page and line
6  designations made by the Producing Party or Parties after the deposition transcript
7  is completed.
8      6.    Where only a portion of any material furnished or produced by the
9  Producing Party or Parties, or a portion of the transcript of any deposition, is
10  designated as Confidential Material, counsel for the Receiving Parties shall delete
11  therefrom the "CONFIDENTIAL-Attorneys' Eyes Only" or "CONFIDENTIAL"
12  portions before disclosing such material or transcript to any person other than those
13  designated herein.
14      7.    Deletions made from any material or transcript in accordance with the
15  terms of this Protective Order shall not affect the admissibility of any such material
16  or transcript in evidence in this action.
17      8.    No Confidential Material designated as "CONFIDENTIAL" shall be
18  disclosed by the Receiving Parties to anyone other than outside counsel of record
19  for the Receiving Parties (including employees of outside counsel), other outside,
20  corporate, or in-house counsel for the Receiving Parties (including employees of
21  such counsel), experts retained or consulted in this action by the Receiving Parties,
22  and executives of the Receiving Parties who are involved in the prosecution,
23  defense, or settlement of these proceedings, without the prior written consent of the
24  Producing Party or Parties, or an order of the Court. No Confidential Material
25  designated as "CONFIDENTIAL-Attorneys' Eyes Only" shall be disclosed by the
26  Receiving Parties to anyone other than outside counsel of record for the Receiving
27  Parties (including employees of outside counsel), other outside, corporate, or in-
28  house counsel for the Receiving Parties (including employees of such counsel),

1  and experts retained or consulted in this action by the Receiving Parties without the
2  prior written consent of the Producing Party or Parties, or an order of the Court.
3  All persons to whom disclosure of Confidential Material is made under this
4  Protective Order, other than counsel and employees of counsel, shall be given a
5  copy of the Protective Order at the time of disclosure and shall sign the form
6  attached hereto as Exhibit A indicating that they have read this Protective Order
7  and agree to be bound by its terms. Confidential Material shall be handled in the
8  manner set forth below and shall not be used for any business purpose, or any
9  purpose other than the prosecution, defense, or settlement of these proceeding,
10 unless and until such designation is removed either by agreement of counsel for the
11 parties, or by order of the Court. This obligation shall survive the termination or
12 settlement of these consolidated proceedings and shall continue after the Court
13 loses jurisdiction over the parties.
14      9.   Documents designated as Confidential Material may be disclosed to
15 any person indicated on the face of the document to be its originator or author, or a
16 recipient of a copy thereof.
17      10.  Subject to any further orders of the Court, if any Confidential Material
18 is summarized, discussed, or quoted at any deposition or at any hearing or trial in
19 these consolidated actions, all persons other than those to whom disclosure is
20 permitted hereunder shall be excluded from such portion of the deposition or
21 hearing. Any documents which are filed with the Court and which contain
22 Confidential Material may be filed under seal only pursuant to the Court's order
23 granting the filing party's application pursuant to Local Rule 79-5.
24      11.  All Confidential Material shall be retained by the Receiving Parties or
25 their counsel of record during the pendency of these consolidated proceedings,
26 except that experts retained or consulted by the Receiving Parties and other
27 persons designated by agreement of counsel may have custody of one copy of any
28 Confidential Material during the pendency of these consolidated proceedings.

1    12.    Neither the taking of any action in accordance with the provisions of
2 this Protective Order, nor the failure to object thereto, shall be construed as a
3 waiver of any claim or defense in this action.  Moreover, the failure to designate
4 information in accordance with this Protective Order and the failure to object to a
5 designation at a given time shall not preclude the filing of a motion at a later date
6 seeking to impose such designation or challenging the propriety thereof.  The entry
7 of this Protective Order shall not be construed as a waiver of any right to object to
8 the disclosure of information in response to discovery and, except as expressly
9 provided, shall not relieve any party of the obligation of producing information in
10 the course of discovery.
11    13.    The Receiving Parties may, at any time thereafter, move the Court for
12 an order changing the designated status of Confidential Material or otherwise
13 relieving the Receiving Parties from any restrictions contained in this Protective
14 Order.  The Receiving Parties shall not make such a motion, however, until they
15 request the Producing Party or Parties in writing to change the designated status of
16 Confidential Material or otherwise to relieve the Receiving Parties from any other
17 restrictions contained in this Protective Order, and the Producing Party or Parties
18 refuses to grant the Receiving Parties' request.  The Producing Party's or Parties'
19 failure to respond to such a request within 5 business days of receipt shall be
20 deemed to be a refusal.  In the event of such a motion, the Receiving Parties shall
21 have the burden of establishing the need for change or relief in the preparation or
22 conduct of its case.  Pending resolution of the motion, the involved item shall be
23 treated in accordance with its designated status.
24    14.    Upon termination or settlement of these consolidated proceedings,
25 including all appeals, all parties shall either: (a) return to the Producing Party or
26 Parties all Confidential Material produced in discovery, including all copies,
27 summaries, or abstracts not containing attorney work product or information
28 covered by the attorney-client privilege; or (b) destroy, and certify such destruction

1  in writing to the Producing Party or Parties, all Confidential Material produced in
2  discovery, including all copies, summaries, or abstracts not containing attorney
3  work product or information covered by the attorney-client privilege; provided,
4  however, that counsel of record for the Receiving Parties may keep one or more
5  archival copies of all pleadings, discovery responses, legal memoranda,
6  correspondence, attorney work product, or other documents filed with the Court,
7  even if such materials contain Confidential Material.  Any such archival material
8  shall remain subject to this Protective Order.
9      IT IS SO ORDERED.
10 Dated: 5/28, 2010

Hon. ~~S. James Otero~~
~~United States District Judge~~
Charles F. Eick
United States Magistrate Judge

**EXHIBIT A**

I, _____, acknowledge that I have received a copy of the Stipulated Protective Order entered by the United States District Court for the Central District of California in *Jason Trosper, et al. v. Metal Mulisha, LLC, et al.*, Case No. CV10-00825 SJO (Ex), and agree to be bound by its terms.

Dated: _____, 2010   _____